# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GAINESVILLE ROAD COMMUNITY
TRUST,

    Appellant/Debtor,

v.                                                           Case No. 8:20- cv-1988-T-02
                                                           Bankr. Case No. 8:20-bk-3888-CPM

ONE FAMILY FLORIDA
PARTNERS, L.P., *et. al.*,

    Appellees/Creditors.
_____/

## ORDER DISMISSING BANKRUPTCY APPEAL

This matter came before the Court on September 30, 2020 for a hearing on the Appellees' motion to dismiss this appeal, Doc.3, which the Chapter 11 Trustee joined. Doc. 15. The Appellant filed a response in opposition. Docs. 14, 16. The Court grants the motion and dismisses the appeal.

### *Factual Background*

Gainesville Road Community Trust is the Debtor and is a corporate entity that owns and runs a trailer park in this District. In May 2020 the Debtor filed a voluntary Chapter 11 bankruptcy petition, seeking to reorganize. Debtor continued

to operate the business as Debtor in Possession, through its main owner, Caleb J. Walsh.  In June 2020 the Appellees-Creditors moved pursuant to 11 U.S.C. § 1104 to have a Chapter 11 trustee appointed for the Debtor.  Bk. Doc. 33.[1]  This would divest Mr. Walsh of control of the trailer park as Debtor in Possession.  Mr. Walsh objected to the motion, and the bankruptcy court held a three-day evidentiary hearing on the matter, concluding August 7, 2020.  Bk. Docs. 92 (response), 188–190 (transcripts); Docs. 10–12 (transcripts).

Upon conclusion of the three-day hearing, the bankruptcy court ruled from the bench, granting the creditors' motion on August 7 and stating that the order was effective immediately.  Doc. 3-1 at 101, 114.  In this lengthy oral order, the court held that a trustee was appropriate under both 11 U.S.C. § 1104(a)(1) and § 1104(a)(2)[2].  Doc. 3-1 at 101, 110–111.  A formal, written order granting trusteeship over the debtor was entered on August 11, 2020.  Doc. 8-2.  Appellant

---

[1] For ease of reference, record citations to the bankruptcy record are denoted "Bk. Doc. ___."
[2] These provisions state:
   [A trustee shall be appointed]
   (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
   (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of the assets or liabilities of the debtor.
§ 1104(a)(1), (2).

filed a notice of appeal on August 18, 2020. Bk. Doc. 191. This notice was improperly labeled upon filing but was corrected on August 24. Bk. Doc. 205; Doc. 1. On August 19, 2020 the formal notice of appointment of trustee was filed, with Dr. Stephen Oscher appointed as Chapter 11 Trustee. Bk. Docs. 195, 197, 198.

On August 24, Appellant filed a "statement of issues on appeal" in the bankruptcy court pursuant to Bankruptcy Rule 8006. Bk. Doc. 208. All issues listed in this statement were based under the involuntary servitude provisions of the Thirteenth Amendment to the U.S. Constitution. *Id*. Also on August 24, 2020, Appellant filed a motion in the bankruptcy court to stay its order appointing a trustee pending appeal. Bk. Doc. 209. In the motion to stay, Appellant stated "the crux of the appeal" was the involuntary servitude argument under the Thirteenth Amendment. *Id*. at 2[3]. The bankruptcy court held a hearing and denied the motion to stay on September 8, 2020. Bk. Doc. 224.

The appeal was transmitted to this Court on August 24, 2020. Doc. 1-1. On August 27, 2020 the Appellees moved to dismiss the appeal, Doc. 3, and the Chapter 11 Trustee joined this motion to dismiss by formal filing on September 28, 2020. Doc. 15.

---

[3] In its objection to dismissal, Appellant contends its 13th Amendment peonage argument is merited, but other issues would be brought on appeal. Doc. 14 at 11.

## *Analysis*

This appeal, ostensibly on behalf of the Debtor, is brought by the former Debtor in Possession, the Caleb Walsh interests. This includes Mr. Walsh, who has several investment or operations companies, including entities known as John Ruth Capital, and Parks Management. Also possibly allied with Mr. Walsh is one of his investors Joshua Craven (through CRG Properties, Inc.).

The Debtor, however, is controlled by the Chapter 11 Trustee Dr. Stephen Oscher. The Trustee was appointed after detailed evidentiary hearings, by a lengthy and quite sound[4] order of the bankruptcy judge. The bankruptcy judge then reviewed Appellant's motion to stay the trustee order pending appeal and denied it on the merits.

Litigation of the Debtor Gainesville Road Community Trust is controlled by its lawfully appointed Chapter 11 Trustee Oscher, not by former management. The Trustee wants this appeal, brought by those divested managers, dismissed. That resolves this issue as to the Debtor. *See Westwood Cmty. Two Ass'n, Inc. v. Barbee,* 293 F.3d 1332, 1334–35 (11th Cir. 2002).

---

[4] The undersigned has read each page of the three-day evidentiary hearing, found in this record at dockets 10, 11, and 12.

This is not to say that Mr. Walsh and his interests were without remedy. If former management wished to appeal the appointment of the Trustee, they could have certainly done so as "aggrieved persons." *Id.* They did not choose this route.

The motion to dismiss, Doc. 3, is granted. This appeal is dismissed. The Clerk is directed to close the case.

**DONE AND ORDERED**, this 30th day of September, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of Record